■ JOHN STOCKTON, as Executor of CLAUDIA LYON, Deceased, Respondent-Appellant, v GRISTEDES SUPERMARKETS,

INC., Appellant-Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 14, 1990, which granted defendant's motion for summary judgment to the extent of dismissing plaintiff's cause of action for conversion, is unanimously modified, on the law to the extent of reinstating such cause of action, and otherwise affirmed, without costs.

The complaint alleges that plaintiff's decedent's housekeeper stole decedent's checks, forged decedent's name as drawer, and cashed the checks at defendant's supermarket, with which decedent maintained check cashing privileges; that defendant's store manager participated in the scheme; and that checks were later presented for payment and honored by decedent's bank. Over the course of approximately 18 months, the scheme allegedly netted in excess of $147,000 on approximately 285 forged checks. Recovery is sought on three theories—"commercial bad faith" *(see, Prudential-Bache Sec. v Citibank,* 73 NY2d 263), conversion and negligence. The IAS court properly sustained the cause of action for commercial bad faith. UCC 3-405 (1) (c) has been characterized as a " 'banker's provision intended to narrow the liability of banks and broaden the responsibility of their customers' " *(supra,* at 270), and, assuming it affords protection to depositaries as well as drawees, should not protect non-bank depositaries, such as defendant. Moreover, it was the drawer's signature that was forged here, not a fictitious payee's. Thus, the checks were not properly drawn in the first instance, and, for that reason too UCC 3-405 (1) (c) does not apply *(supra).* The cause of action for negligence was also properly held to be viable, since the deposition of defendant's store manager concerning the various precautions defendant takes before cashing checks for customers, raised an issue as to whether defendant owed plaintiff's decedent a duty of care. However, the cause of action for conversion should not have been dismissed. By accepting and cashing decedent's stolen and forged checks, and then obtaining payment from decedent's drawee bank defendant converted decedent's stolen checks *(see, Sales Promotion Executives Assn. v Schlinger & Weiss,* 234 NYS2d 785). Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.