■ GETTY PETROLEUM CORP., Respondent, v AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Appellant, et al., Defendants. [642 NYS2d 910] —In an action to recover payments made by an employer on an employee's credit card account, the defendant American Express Travel Related Services Company, Inc., appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered January 11, 1995, which, after a nonjury trial, is in favor of the plaintiff Getty Petroleum Corp. and against it in the principal amount of $58,841.60.

Ordered that the judgment is affirmed, with costs.

The plaintiff Getty Petroleum Corp. (hereinafter Getty) commenced this action against, among others, American Express Travel Related Services Company, Inc., (hereinafter American Express) to recover the face amount of checks written on its account which were misdirected by a faithless Getty employee

to make payments on her private credit card account. The employee forged the indorsements of the named payees by rubber stamping their names or by signing the payees' names on the backs of the checks. The employee then forwarded the checks to American Express. American Express accepted the checks in payment of the employee's personal credit card debt. A total of 31 checks were applied to the employee's account. After a nonjury trial, the Supreme Court found American Express liable for gross negligence and directed that it pay Getty the principal sum of $58,841.60.

American Express contends that the trial court improperly concluded that it was not a holder in due course and, therefore, subject to liability. We disagree. American Express was not entitled to protection under the "fictitious payee" rule set forth in UCC 3-405. This section is widely acknowledged to be a "banker's provision", and should not protect non-bank depositaries such as American Express (*Stockton v Gristedes Supermarkets,* 177 AD2d 425, 426; *see generally, Prudential-Bache Sec. v Citibank,* 73 NY2d 263, 270; *Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank,* 57 NY2d 439, 444).

In any event, the court properly determined that American Express was not a holder in due course, as the evidence shows that American Express did not take the instruments "(a) for value; and (b) in good faith; and (c) without notice * * * of any defense against or claim to [them] on the part of any person" (UCC 3-302 [1]). Pursuant to UCC 3-304 (7), "to constitute notice of a claim or defense, the purchaser must have knowledge of the claim or defense or knowledge of such facts that his action in taking the instrument amounts to bad faith". Gross carelessness or willful ignorance may constitute evidence of bad faith (*see, Chartered Bank v American Trust Co.,* 47 Misc 2d 694, *affd* 26 AD2d 623).

Here, the evidence demonstrates that American Express accepted 31 Getty checks on behalf of the faithless employee despite the fact that neither her name, nor the name of American Express, appeared anywhere on the checks. The evidence established that American Express, as part of its general practice, followed remittance procedures which included accepting and cashing checks that were stale, that were payable to neither American Express nor its credit card customer, accepting checks where neither American Express nor its customer were listed anywhere on the checks, accepting checks from unrelated third parties, and accepting multiple checks from multiple third parties with different addresses in different States, all for a single transaction. The only part of the

checks examined by the card issuer was the amount of the draft. We agree with the trial court that this remittance policy was "calculated to make forged, fraudulent and stolen checks acceptable for processing". Under these facts, the trial court properly determined that American Express's conduct indicated a wilful blindness constituting gross negligence. Accordingly, inasmuch as American Express is not a holder in due course, it cannot avoid liability herein.

American Express's remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.